# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# HATTIESBURG DIVISION

**JEFFERSON DAVIS COUNTY SCHOOL DISTRICT**            **PLAINTIFF**

**VS.**            **CIVIL ACTION NO. 2:08-cv-190-KS-MTP**

**RSUI INDEMNITY COMPANY**            **DEFENDANTS**

## ORDER DENYING MOTION TO COMPEL APPRAISAL

This matter is before the court on a Motion to Compel Appraisal [8] filed by Plaintiff Jefferson Davis County School District ("JDCSD"). Having considered the submissions of the parties and the applicable law, and being fully advised in the premises, the court finds that the motion should be DENIED.

At the time of Hurricane Katrina on August 29, 2005, Plaintiff had a commercial property excess policy (the "Policy") in effect with defendant RSUI Indemnity Company ("RSUI").[1] The Policy provides a $26,240,869 limit with a $15,000 sub-limit for mold, and contains the following appraisal clause:

> If we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:
>
> a. Pay its chosen appraiser; and
> b. Bear the other expenses of the appraisal and umpire equally.
>
> If there is an appraisal, we will still retain our right to deny the claim.

---

[1] The primary carrier was St. Paul Travelers.

Plaintiff alleges that its insured property - six school campuses - suffered significant damage during Hurricane Katrina. Since the storm, the parties have disagreed vehemently about the extent and amount of the loss. Plaintiff's public adjuster and PE Services, an entity retained to handle Plaintiff's claim, estimated the loss at $10,100,437.25, whereas Flagship Services, who had been retained by St. Paul Travelers, Plaintiff's primary carrier, estimated the total covered loss to be $1,311,646.46. Based on the Flagship Services' estimate, St. Paul Travelers paid Plaintiff its policy limit of $1,000,000.00.

Thereafter, Plaintiff made a claim for loss with RSUI. Plaintiff provided RSUI with binders prepared by its public adjuster and PE Services containing damage estimates for its insured property in the amount of $10,100,437.25. After reviewing these materials, RSUI's adjuster concluded that Plaintiff's adjuster and PE Services had improperly included items that were not caused by Hurricane Katrina at all, such as preexisting deterioration (which is not covered by the Policy); improperly included damage to items (such as roofing) that did not exist prior to Hurricane Katrina; included more than $ 1 million in mold remediation services despite the $15,000 mold sub-limit in the Policy; called for unnecessary commercial rewiring; and included inflated numbers for various items of alleged damage, such as cleaning, demolition and hauling, permits, roofing, temporary utilities and window re-glazing, among others. *See* Defendant's Response [10] to Motion at 2, 7.

Plaintiff submitted its initial demand for an appraisal in a November 6, 2006 letter, to which RSUI's adjuster responded in a letter dated November 21, 2006. *See* Exhs. A & B to Response. Thereafter, the adjustment process continued, along with communications between the parties' adjusters. By letter dated February 4, 2008, Plaintiff again demanded an appraisal, stating: "Please be advised that we understand that this is an appraisal of the covered wind

damage only. We understand that this is not an appraisal of causation, and are aware that any exclusion under this Policy will not be part of the appraisal. It is our desire that the appraisers can reach an agreement on the amount of loss caused by wind." The letter also stated, with respect to the qualifications of the appraisers, that they "should be competent with respect to the identification of damage caused by wind."

RSUI's adjuster declined Plaintiff's request for an appraisal in a letter dated March 4, 2008. In that letter, RSUI's adjuster explained that Plaintiff's attempt to invoke the appraisal clause was improper, as it was an attempt to use the process to determine cause of loss or coverage under the Policy. RSUI's adjuster requested that Plaintiff identify specific damage components within the scope of covered losses and state whether the appraisal would be limited to those components, but that if plaintiff did not do so it would decline the request for appraisal. *See* Exhs. E & F to Defendant's Response to Motion. Plaintiff did not respond to this letter, but filed suit on August 28, 2008. In its Complaint [1], Plaintiff asserts claims against Defendant for, *inter alia*, breach of contract and negligence, and seeks money damages as well as an appraisal.[2]

Analysis

As an initial matter, the court rejects Plaintiff's argument in its Reply [11] that Defendant's Response was untimely filed and, therefore, the Motion should be granted as unopposed. The Motion was filed on November 17, 2008. Pursuant to Local Rule 7.2(D), Defendant had ten days to submit a response. Under Rule 6(a) of the Federal Rules of Civil Procedure, which "appl[ies] in computing any time period specified in these rules or in any local

---

[2] To date, RSUI has made payments on Plaintiff's claim in the amount of $1,335,302.00, in excess of the primary carrier's $1 million limit. RSUI has represented that it will be paying an additional $736,779.62 upon documented completion of certain repair and replacement work by Plaintiff. *See* Response at 4.

rule...," intermediate Saturdays, Sundays and legal holidays are to be excluded when the period being computed is less than 11 days. Applying this rule, Defendant's response was due on December 2, the day it was filed. Accordingly, the Response was timely filed, and the court will now turn to the merits of the Motion.

It is clear that under Mississippi law that the purpose of an appraisal is not to determine the cause of loss or coverage under an insurance policy; rather, it is "limited to the function of determining the money value of the property" at issue. *Munn v. Nat'l Fire Ins. Co.*, 115 So. 2d 54, 55 (Miss. 1959); *see also Kuehn v. State Farm Fire & Cas. Co.*, 2007 WL 184647, at * 1 (S.D. Miss. Jan. 19, 2007) (*Munn* "stands for the proposition that while appraisal is not a method of adjudicating liability under a casualty insurance policy, it is a valid method of establishing the amount of damage that has occurred.").[3]

In opposition to the motion, Defendant argues that appraisal is inappropriate because this case involves "coverage and causation questions, not a dispute about the value of an admittedly covered loss." *See* Response [10] at 6. This court agrees. It is clear from the record that although the parties disagree about the value of various items of damage, they also disagree about a number of issues relating to coverage and causation - including whether certain items of damage were actually caused by Hurricane Katrina, as opposed to being preexisting damage, and whether certain allegedly damaged items (such as roofing) actually existed prior to Hurricane

---

[3] As pointed out by Defendant, this view has been adopted by numerous other jurisdictions. *See, e.g.*, *Rogers v. State Farm Fire & Cas. Co.*, 984 So. 2d 382, 392 (Ala. 2007) (holding that "an appraiser's duty is limited to determining the 'amount of loss' - the monetary value of the property damage - and that appraisers are not vested with the authority to decide questions of coverage and liability."); *Merrimack Mut. Fire Ins. Co. v. Batts*, 59 S.W. 3d 142, 152 (Tenn. Ct. App. 2001) (citing *Munn* and holding that appraisal clause "does not vest the appraisers with the authority to decide questions of coverage and liability."); *Wells v. Amer. States Preferred Ins. Co.*, 919 S.W. 2d 679, 684-85 (Tex. App. 1996) (holding that appraisal clause "does not authorize and empower the appraisers to determine what caused or did not cause the loss claimed."); *see also* Response [10] at 8-9 (collecting additional cases).

Katrina. This court must first determine the Policy's coverage of the losses and Defendant's liability for those losses, before the matter can be submitted for appraisal of the value of those losses. Accordingly, an appraisal is inappropriate at this time. *See*, *e.g.*, *Rogers v. State Farm Fire & Cas. Co.*, 984 So. 2d 382, 392 (Ala. 2007) (holding that where parties agreed as to cause of roof damage, but disagreed as to cause of foundation damage, trial court erred in ordering parties to submit to appraisal); *Wells v. Amer. States Preferred Ins. Co.*, 919 S.W. 2d 679, 685 (Tex. App. 1996) (holding that appraisal clause did not authorize appraiser to determine that foundation damage to insured's home was not caused by a plumbing leak (and, therefore, not covered under the policy)

IT IS, THEREFORE, ORDERED AND ADJUDGED that Plaintiff's Motion to Compel Appraisal [8] is denied.

SO ORDERED AND ADJUDGED this the 11th day of February, 2009.

s/ Michael T. Parker
United States Magistrate Judge