IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**JEFFERSON DAVIS COUNTY SCHOOL DISTRICT**            **PLAINTIFF**

**VS.**            **CIVIL ACTION NO. 2:08-cv-190-KS-MTP**

**RSUI INDEMNITY COMPANY**            **DEFENDANT**

## ORDER ON MOTION TO COMPEL

This matter is before the court on a Motion to Compel Discovery Responses [56] filed by Plaintiff. Having considered the submissions of the parties and the applicable law, and being fully advised in the premises, the court finds that the motion should be granted in part and denied in part, as set forth below.

At the time of Hurricane Katrina on August 29, 2005, Plaintiff had a commercial property excess policy (the "Policy") in effect with Defendant RSUI Indemnity Company ("RSUI"). Plaintiff alleges that its insured property suffered significant damage during Hurricane Katrina. Since the storm, the parties have disagreed vehemently about the extent and amount of the loss, culminating in the filing of the instant lawsuit in which Plaintiff asserts claims against RSUI for, *inter alia*, breach of contract and negligence, and seeks money damages as well as an appraisal. The instant discovery dispute arises out of certain responses and supplemental responses to Interrogatories and Requests for Production propounded to RSUI by Plaintiff.

With respect to Interrogatory No. 2,[1] RSUI stated in its initial response that "the information requested is believed to be reflected by documents identified in RSUI's 2/9/09

---

[1]     <u>Interrogatory No. 2</u>: Please describe each and every investigative step conducted by you or any of your representatives with respect to the facts surrounding the circumstances of the subject loss, stating the names, job titles and employers of the individuals performing those investigative steps; the dates of the investigative actions; and the results of the same.

prediscovery disclosure of core information." Plaintiff contends that this response is insufficient because RSUI has not specified any particular documents, essentially suggesting that Plaintiff should "comb through the thousands of pages of documents to try to figure out the answer to this interrogatory." Plaintiff argues that RSUI has abused Fed. R. Civ. P. 33(d), which provides:

> If the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by:
>
> (1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could; and
>
> (2) giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries.

The court agrees with Plaintiff that RSUI's response is inadequate, as it has failed to provide "sufficient detail" to Plaintiff so that particular documents responsive to its request can be located and identified as readily as RSUI could. Nor has RSUI established that the burden of ascertaining the answer to Plaintiff's interrogatory would be same for both parties. Accordingly, RSUI shall supplement its response to Interrogatory No. 2 by either "describing each and every investigative step" as requested by Plaintiff, or by identifying documents for Plaintiff to review, in sufficient detail so that Plaintiff can locate them as readily as RSUI could, in accordance with Fed. R. Civ. P. 33(d).

In its supplemental responses to Interrogatory Nos. 7, 8 and 9,[2] RSUI stated that it "has produced its entire claim file with privileged documents withheld" and then listed, by bates number, the specific documents that Plaintiff should review in order to determine its estimate of damages. These documents are: RSUI's estimate of the damages; a general report from RSUI's adjusters; and a report regarding roof damage to Plaintiff's buildings. Plaintiff contends that RSUI's responses to Interrogatory Nos. 7, 8 and 9 are non-responsive, as none of the documents to which RSUI refers contains a listing of specific items of damage, as requested in the interrogatories. In response, RSUI states that "compensable damages are identified" in the documents and "[t]o the extent that damages contained in Favre's report are not itemized in RSUI's reports, it is the contention of RSUI that such damages are not compensable under the policy." *See* Response [58] to Motion to Compel at 3. The court agrees with Plaintiff that RSUI's responses to these interrogatories are insufficient. Accordingly, RSUI shall provide supplemental responses that "particularly identify" each requested item and shall state the cause of damage to that item, if known, and that facts supporting those contentions, as requested by Plaintiff.[3]

---

[2]     Interrogatory No. 7: If you contend that any items(s) listed in Scott Favre's estimate of the insured loss were damaged by a non-covered peril instead of a covered peril, please particularly identify each such item and state the cause of damage to that item.

Interrogatory No. 8: If you contend that any item(s) listed in Scott Favre's estimate of the insured loss had damage prior to August 29, 2005 other than normal wear-and-tear, please particularly identify each such item, state the cause of damage to that item and the facts supporting your contention.

Interrogatory No. 9: If you contend that any item(s) listed in Scott Favre's estimate of the insured loss were not damaged, please particularly identify each such item and state the facts supporting your contention.

[3] The court is somewhat sympathetic to RSUI's concerns over Plaintiff's use of "contention" interrogatories at this stage. Such interrogatories can be abusive and are sometimes used to put the answering party "through the paces" rather than in an effort to facilitate legitimate discovery.

With respect to Interrogatory No. 13,[4] "RSUI refers to its response to request for production 3[5] and states that for the purpose of repair and/or replacement estimates, the Xactimate program was used." The court agrees with RSUI that it has sufficiently responded to this interrogatory and, therefore, Plaintiff's motion to compel with respect to Interrogatory No. 13 is denied.[6]

Plaintiff also takes issue with RSUI's response to Interrogatory No. 14, which asks RSUI to identify each action or omission by Plaintiff that may have voided or excluded coverage under the policy. In its response and supplemental response, RSUI lists a number of actions that may void coverage and states that these are "itemized throughout the claim file." RSUI then points to a few documents as "examples," but cautions that this list is "not meant to be exhaustive" and that RSUI "reserve[s] the right to supplement this response." If the listings provided by RSUI in its response and supplemental response are complete based on all information presently known, the responses are adequate. However, RSUI's statement that the "foregoing [list] is not meant to

---

As to these particular requests, however, the contention approach appears to have some merit. The basic dispute here is over what particular items in the claim are not proper or compensable and why. This process necessarily entails or requires a laborious item-by-item analysis by both parties.

[4] Interrogatory No. 13: State with specificity all standards and/or practices for the investigation, evaluation and repair of structures damaged by hurricane and/or hurricane force winds upon which you relied in the evaluation, investigation and/or adjustment of the Plaintiffs' claim. Include in your answer the identity of the organization which promulgated the standards/practices and the name(s), address(es), and telephone number(s) of the persons who have custody and control of a written or electronic copy of the standards/practices identified.

[5] Request for Production No. 3: All policies, procedures and/or standards regarding handling/adjusting of commercial property claims in Mississippi in effect from January 1, 2005 to the present time.

Response: RSUI does not have any documents responsive to this request.

[6] Indeed, Plaintiff appears to have dropped its challenge to this interrogatory response, as it is not mentioned in its Reply. *See* [59].

be exhaustive...." is problematic and unclear. While supplementation as more information becomes known is appropriate, withholding information presently known is not. Thus, the motion is granted in part as to Interrogatory No. 14. RSUI shall clarify whether, at this time, it is aware of or is relying on any other acts or omissions by Plaintiff to deny coverage.

In Response to Interrogatory No. 17, which asks RSUI to "state each and every fact which supports your contention that Plaintiff failed to mitigate its damages, and list each and every document or other evidence which supports that defense," RSUI merely provided an example. In response to the Motion to Compel, RSUI does not address Interrogatory No. 17 other than to stand by its initial answer. The court will grant the motion in part as to Interrogatory No. 17. Plaintiff is entitled to know the specific manner and ways it is alleged to have failed to mitigate its damages. If RSUI pled "failure to mitigate" as a defense, surely it had specific instances in mind when it did so. RSUI shall supplement its response to provide all known ways it believes Plaintiff failed to mitigate damages and the basis for that belief, including a synopsis or summary of the facts supporting that belief. RSUI is not required to list every fact that could possibly support its belief as requested in the interrogatory. Plaintiff may follow up with depositions to further develop this information if necessary. If RSUI is limiting its "failure to mitigate" defense to the specific concerns over mold damage as outlined in its response to this interrogatory, it shall so state.

RSUI has also refused to provide information or produce documents in response to Interrogatory No. 25 and Document Request No. 23, which seek information and documents relating to the setting of reserves for Plaintiff's claim, contending that reserve information is not discoverable. Although the Fifth Circuit does not appear to have ruled on this issue, district courts in this Circuit have ruled that reserve information is discoverable - especially where a plaintiff has asserted a bad faith claim and, therefore, the insurance company's estimate of the

plaintiff's claim *may* be relevant to a finding of bad faith. *See*, *e.g.*, *Omega Protein Corp. v. Lexington Ins. Co.*, 2007 WL 519686, at * 2 (W.D. La. Feb. 15, 2007) (finding reserve information discoverable "as it may demonstrate or lead to admissible evidence with respect to the thoroughness with which Lexington [Insurance Company] and RSUI have investigated and considered [plaintiff's] property damage claims); *Swicegood v. Med. Protective Co.*, 2004 WL 1698285, at * 3-4 (N.D. Tex. July 29, 2004) (holding reserve information to be relevant and discoverable); *Culbertson v. Shelter Mut. Ins. Co.*, 1998 WL 743592, at * 1 (E.D. La. Oct. 21, 1998) (holding that "reserve information is discoverable where a claim of bad faith is asserted."). Accordingly, the court finds that Plaintiff's motion to compel with respect to Interrogatory No. 25 and Document Request No. 23 should be granted and RSUI shall provide information and produce documents responsive to these requests. In so doing, the court in no way addresses the ultimate admissibility of reserve information or its use at trial, if any. Such decisions are reserved for the presiding District Judge.

In response to Interrogatory No. 26, which requests "every fact and all supporting law" on which RSUI bases its contention that it is entitled to an offset for payments made to Plaintiff by FEMA or any other organization, RSUI responded: "RSUI objects to this interrogatory because it calls for a legal conclusion." In its Response [58] to the Motion to Compel, RSUI first states that it "has conceded that it is not entitled to an offset of payments made by FEMA to Plaintiff." In addition, RSUI avers that it has specifically requested in discovery (Interrogatory No. 18 in RSUI's First Set of Interrogatories) information regarding any payments that Plaintiff has received from any source for the Katrina-related damage to its property, but that since it has not received responses from Plaintiff, it does not know whether it has a right to claim an offset as to these payments and therefore cannot respond to Interrogatory No. 26 at this time. Accordingly, the court finds that Plaintiff's Motion to Compel with respect to Interrogatory No.

6

26 should be denied at this time, but that RSUI shall supplement its response to Interrogatory No. 26, as appropriate, upon receipt of Plaintiff's responses to its Interrogatory No. 18. The response, when supplemented, need not include a recitation of "all supporting law" which supports any alleged claim of offset. A general reference to the legal principle or basis will be sufficient.

Finally, Document Request No. 19 calls for financial statements reflecting RSUI's net worth for 2005-2008. RSUI has objected, arguing that this request is "premature and seeks material which is irrelevant to the claims and defenses of the parties and not reasonably calculated to lead to the discovery of admissible evidence." Plaintiff takes issue with this response, pointing out that the parties have agreed that such information shall be submitted during the punitive damage phase of trial, if that phase is reached. The court finds that Plaintiff's Motion to Compel with respect to Document Request No. 19 should be granted and RSUI shall produce financial statements reflecting its net worth for 2005, 2006, 2007 and 2008.

IT IS, THEREFORE, ORDERED AND ADJUDGED that Plaintiff's Motion to Compel Discovery Responses [56] is granted and denied in part as set forth above. RSUI shall provide its amended or supplemented responses and produced its records and documents, as set forth *supra*, within fifteen (15) days.

SO ORDERED AND ADJUDGED this the 11th day of June, 2009.

s/ Michael T. Parker
United States Magistrate Judge