# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### HATTIESBURG DIVISION

**JEFFERSON DAVIS COUNTY SCHOOL DISTRICT**                    **PLAINTIFF**

**VS.**                                   **CIVIL ACTION NO. 2:08-cv-190-KS-MTP**

**RSUI INDEMNITY COMPANY**                                   **DEFENDANT**

## ORDER ON MOTION TO COMPEL

This matter is before the court on a Motion to Compel Responses to Discovery Propounded to Plaintiff [115] filed by Defendant RSUI Indemnity Company.  At the time of Hurricane Katrina on August 29, 2005, Plaintiff had a commercial property excess policy (the "Policy") in effect with Defendant RSUI Indemnity Company ("RSUI").  Plaintiff alleges that its insured property suffered significant damage during Hurricane Katrina.  Since the storm, the parties have disagreed about the extent and amount of the loss, culminating in the filing of the instant lawsuit in which Plaintiff asserts claims against RSUI for, *inter alia*, breach of contract and negligence, and seeks money damages as well as an appraisal.

The instant discovery dispute arises out of certain responses to Interrogatories and Requests for Production of Documents propounded to Plaintiff by RSUI.  Having reviewed the discovery requests and responses, as well as the parties' submissions on the instant motion and applicable law, and being fully advised in the premises, the court finds that the motion should be granted in part and denied in part, as set forth below.

1.    Interrogatory No. 1: Plaintiff shall provide the requested information for the limited time period of May 1997 to August 28, 2005.[1]

---

[1] In its Reply, RSUI stated that after it filed the instant motion, it obtained a copy of a study of Plaintiff's facilities prepared during the mid-1990's and based on the information contained in that study, the time period in many of its discovery requests seeking information pertaining to the physical condition of Plaintiff's facilities could be limited.  Specifically, RSUI stated that Interrogatories 5 and 6 and Requests for Production 5, 6, 7, 23 and 24 could be limited to May 1997 (rather than January 1, 1985) to the present time, and Interrogatories 1 and 17 and Requests

2.     Interrogatory Nos. 2 & 3:   Plaintiff shall supplement its response to identify all

oral communications that it is able to recall.  However, Plaintiff need not identify any written

communications, as they have already been produced to RSUI.

3.     Interrogatory No. 4:  Plaintiff shall provide the requested information; however,

Plaintiff need not identify communications with non-testifying experts.[2]

4.     Interrogatory Nos. 5 & 6:  Plaintiff shall identify all responsive documents, but

only insofar as they relate to insured property or components thereof for which a claim for

coverage under the Policy is asserted by Plaintiff, and only for the time period of May 1997 to

the present.

5.     Interrogatory Nos. 7, 9, 10, 12. 13, 18 & 20: Plaintiff shall provide the

information requested in these interrogatories.[3]

6.     Interrogatory No. 8: Plaintiff need not supplement its response to this

interrogatory, as there have been numerous depositions taken by RSUI of Plaintiff's employees,

and disclosures have been made by Plaintiff regarding who may have discoverable knowledge.

---

for Production 9 and 26 could be limited to May 1997 (rather than January 1, 1985) to August
28, 2005.  *See* Reply [126] at 5.

[2] In its Motion and Reply, RSUI clarified that it is not seeking information pertaining to non-
testifying experts.

[3] Indeed, with respect to Interrogatory No. 12, Plaintiff has already stated that it would
supplement its response.  *See* Response [122] at 11.  As for Interrogatory No. 9, Plaintiff's
Response [122] to the motion appeared to provide sufficient clarification in that it stated that
"ALL of the items in Favre's estimate represent damage that was caused by wind or wind-driven
objects." However, the Response to Interrogatory No. 10 states that all "interior items" in
Favre's report were damaged by rain.  Plaintiff must supplement these responses (9 and 10) to
specifically identify on a line-by-line basis which items in the Favre report it claims were
damaged by rain and which items it claims were damaged by wind or wind-driven objects. As
for Interrogatory No. 20, Plaintiff's response is insufficient in that provides only general
information to a question that calls for details.  Plaintiff must provide the specific facts
supporting its allegation that RSUI failed to fairly, adequately, and sufficiently investigate or
adjust Plaintiff's losses.

7.     Interrogatory No. 16:  While RSUI is entitled to the information sought by this interrogatory, the answer given by Plaintiff provides a general basis for the damages it is seeking and relies on the estimate of their expert Scott Favre.  RSUI is in possession of Mr. Favre's expert report, and may depose Mr. Favre.  Accordingly, Plaintiff need not further supplement its response to this interrogatory.

8.     Interrogatory No. 17:  Plaintiff shall provide the information responsive to this request, but only insofar as it relates to property or components thereof for which a claim for coverage under the Policy is asserted by Plaintiff, and only for the limited time period of May 1997 to August 28, 2005.

9.     Interrogatory No. 19: Plaintiff's answer to this interrogatory, coupled with information provided by Plaintiff in response to other interrogatories, is sufficient.  Accordingly, Plaintiff need not supplement its response to this interrogatory.

10.    Document Request 1: Plaintiff shall produce documents responsive to this request, to the extent they have been required to be identified in response to the interrogatories discussed above.

11.    Document Request 3:  Plaintiff has indicated that it has produced all documents responsive to this request.  *See* Response [122] at 13.  RSUI does not address this request in its Reply [126].  Accordingly, with respect to this document request, RSUI's motion is denied as moot.

12.    Document Request 5:  Plaintiff shall produce the requested documents with respect to insurance coverage it has obtained, for the limited time period of May 1997 to the present; however, Plaintiff need not produce documents with respect to insurance coverage it has applied for but not obtained.

13.     Document Requests 6, 7, 8, 23 & 24:  Plaintiff shall produce the requested documents, but only insofar as they relate to property or components thereof for which a claim for coverage under the Policy is asserted by Plaintiff, and only for the time period of May 1997 to the present.

14.     Document Request 9:  Plaintiff shall produce the requested photographs or visual depictions taken or made from May 1997 to the present.

15.     Document Requests 13, 20 & 28: Plaintiff shall produce documents responsive to these requests.[4]

16.     Document Request 22:  Plaintiff shall produce documents responsive to this request for the entire time period requested.

17.     Document Request 26:  Plaintiff shall produce documents responsive to this request, but only for the limited time period of May 1997 to August 28, 2005.

IT IS, THEREFORE, ORDERED AND ADJUDGED that RSUI's Motion to Compel Responses to Discovery Propounded to Plaintiff [115] is granted and denied in part as set forth above.  Plaintiff shall provide its amended or supplemented responses and produced its records and documents, as set forth *supra*, on or before September 22, 2009.

SO ORDERED AND ADJUDGED this the 9th day of September, 2009.

s/ Michael T. Parker
United States Magistrate Judge

---

[4] Indeed, with respect to Document Requests 13 and 20, Plaintiff stated that it would supplement its response.  *See* Response [122] at 14.